# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:19-cv-61517-UU/Reid
Criminal No.: 0:98-cr-06128-WJZ-1

ROBERT MARVIN HARRIS,

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

_____/

## ORDER ON MAGISTRATE'S REPORT AND RECOMMENDATION

This Cause is before the Court upon Petitioner's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582 and Motion to Vacate or Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (the "Motion") (D.E. 1).

THE COURT has reviewed the Petition and pertinent parts of the record and is otherwise fully advised in the premises.

This matter was referred to Magistrate Judge Lisette M. Reid who, on August 15, 2019, issued a Report (D.E. 5) (the "Report") recommending that the Motion be (1) dismissed with respect to Petitioner's request under 18 U.S.C. § 3582 because a request for sentence reduction is not properly brought in a civil post-conviction case,[1] and (2) dismissed with respect to Petitioner's

---

[1] The Report further states that even a proper Section 3582 motion would be "futile" because Petitioner was convicted of offenses involving cocaine, not cocaine base, as required for resentencing under the First Step Act. D.E. 5 at 4, 7.

The Report neglects to include the fact that Petitioner previously filed a Section 3582 motion in his underlying criminal case, which Judge Zloch denied on July 25, 2019. 0:98-cr-06128-WJZ-1, D.E. 251 ("Defendant is not eligible for relief under the First Step Act because Defendant was not charged with an offense involving cocaine base. The Court will not alter Defendant's sentence based on any new arguments in the instant Motion (DE 249) or

1

request under 28 U.S.C. § 2255 because Petitioner has previously filed multiple motions under Section 2255 and has not obtained necessary authorization from the Eleventh Circuit to file a successive motion. D.E. 5 at 1–2. On August 29, 2019, Petitioner timely filed his Objections to the Report (D.E. 7) (the "Objections").

Petitioner first objects to the Report's assertion that he was convicted of "cocaine, not cocaine base," and alleges he was convicted of "cocaine base offenses (crack)." D.E. 7 at 2. Judge Zloch disagreed when he ruled on Petitioner's previously filed Section 3582 motion, which is currently pending appeal. 0:98-cr-06128-WJZ-1, D.E. 251, 252. Petitioner's second objection, that the instant Section 2255 motion is not successive, is sufficiently addressed by the Report. D.E. 7 at 3; D.E. 5 at 4–6.

Upon *de novo* review, the Court agrees with Magistrate Judge Reid's recommendations and concurs in all her findings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 5, is RATIFIED, ADOPTED, and AFFIRMED; and it is further

ORDERED AND ADJUDGED that the Objections, D.E. 7, are OVERRULED; and it is further

ORDERED AND ADJUDGED that the Petition, D.E. 1, is DISMISSED; and it is further

ORDERED AND ADJUDGED that no certificate of appealability shall issue; and it is further

ORDERED AND ADJUDGED that the case is CLOSED.

DONE AND ORDERED in Chambers in Miami, Florida, this _9th_ day of September, 2019.

---

any changes in the law pursuant to the First Step Act."). The denial of that motion is currently pending appeal. 0:98-cr-06128-WJZ-1, D.E. 252.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Robert Marvin Harris, *pro se*